UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

I.A.M. NATIONAL PENSION FUND, )
NATIONAL PENSION PLAN, )
                             and )
WARREN MART and )
BURTON C. TREBOUR, )
Co-chairman of the Board of )
Trustees of the I.A.M. )
National Pension Fund, )
1300 Connecticut Avenue, NW )
Suite 300 )
Washington, DC 20036 )
(202) 785-2658 ) CASE NUMBER 1:06CV01180
                       Plaintiffs, ) JUDGE: John D. Bates
                     v. ) DECK TYPE: Labor/ERISA (non-employment)
INDUSTRIAL MATERIAL HANDLING ) DATE STAMP: 6/28/2006
CO. OF NEW YORK, INC. )
20 Central Avenue )
Farmingdale, New York 11735 ) **ANSWER**
(631) 952-0600 )
                     Defendant. )

---

       The defendant herein, Industrial Material Handling Co. of New York, Inc. ("IMH" or the "Defendant"), by its attorneys, Finkel Goldstein Rosenbloom & Nash, LLP, as and for the Answer to the plaintiffs' Complaint, represents and shows this Court as follows:

       1.    Defendant neither admits nor denies the allegations contained in paragraph "1" of the Complaint, which constitute a statement of plaintiffs' intent.

2. Defendant neither admits nor denies the allegations contained in paragraphs "2" and "3" of the Complaint which involve questions of law, except Defendant denies that venue is suitable and proper in Washington, DC.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4", "5", and "6" of the Complaint.

4. Defendant admits the truth of the allegations contained in paragraph "7" of the Complaint.

5. Defendant neither admits nor denies the allegations contained in paragraphs "8" and "9" of the Complaint, which refer to written documents the terms of which speak for themselves.

6. Defendant denies the allegations contained in paragraph "10" of the Complaint, except admits that IMH filed a Chapter 11 petition and confirmed a plan of reorganization.

7. Defendant denies the allegations contained in paragraphs "11" and "12" of the Complaint, except to the extent they refer to written documents and as to these, Defendant neither denies nor admits the terms thereof which refer to written documents that otherwise speak for themselves.

8. Defendant denies the allegations contained in paragraph "1" of the Complaint.

9. Defendant neither denies nor admits the allegations contained in paragraphs "14" and "15" of the Complaint which refer to the terms of federal statements

which otherwise speak for themselves, but denies plaintiffs' entitlement to liquidated damages, interest or other charges.

### AS AND FOR A FIRST COMPLETE AFFIRMATIVE DEFENSE

10. Contrary to the Complaint, IMH has been and remains ready and willing to make alleged delinquent pension contributions. However, payment was complicated by the fact that issues developed between the parties concerning the make-up and composition of the bargaining unit in light of plaintiffs' refusal to acknowledge a prior internal restructuring in which certain employees of Forklift of New York ("Forklift") (a prior contributing employer) were transferred to IMH.

11. It is also noteworthy that in other proceedings before this Court (04Civ00594), plaintiffs have claimed that Forklift withdrew from the Pension Plan. Based upon this alleged withdrawal, plaintiffs have obtained a significant judgment against still other parties under a control group theory, which, in turn, forced another series of Chapter 11 filings by Toyota Lift of New York and TMR.

12. In this action, and most curiously, plaintiffs contend that pension benefits are now owed for some of the very same employees who came to IMH from Forklift, although Forklift purportedly withdrew from the plan. In short, plaintiffs cannot have it both ways: If plaintiffs continue to press withdrawal liability claims, then the pension calculations are erroneous. Conversely, if the relocation of employees is recognized without a withdrawal liability, then IMH is prepared to pay all alleged pension contributions forthwith, after a proper accounting, since even according to plaintiffs' complaint, the alleged liability has been estimated.

**AS AND FOR A SECOND COMPLETE AFFIRMATIVE DEFENSE**

13.   The Complaint is barred by reason of plaintiffs' failure to exhaust administrative remedies.

**AS AND FOR A THIRD COMPLETE AFFIRMATIVE DEFENSE**

14.   That in view of the controversy created regarding the purported withdrawal, which impacted IMH's regular pension contributions, the plaintiffs are not entitled to liquidated damages or interest.

**AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE**

15.   To the extent the Complaint demands contributions for any period that no collective bargaining or other fund participation agreement exists, or for any period following expiration of any such collective bargaining agreement or fund participation agreement, the Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A FIFTH COMPLETE AFFIRMATIVE DEFENSE**

16.   To the extent the plaintiffs are attempting to collect contributions for individuals that did not perform bargaining unit work, or that were not covered by any collective bargaining agreement, the complaint fails to state a claim upon which relief may be granted.

WHEREFORE, Defendants pray for judgment dismissing the Complaint, together with such other and further relief as the Court deems just and proper.

Dated:     August 3, 2006

          DECKELBAUM OGENS & RAFTERY, CHTD.


          By:   /s/ Stephen Nichols
                Stephen Nichols
                D.C. Bar No. 429686
                3 Bethesda Metro Center
                Suite 200
                Bethesda, MD 20814
                (301) 961-9200

*Attorneys for Defendants*

Of Counsel:

ROGER M. WHELAN, ESQ.
DC Bar No. 013847
17908 Ednor View Terrace
Ashton, MD 20861
(301) 260-7707

KEVIN J. NASH, ESQ. (KJN-6274)
FINKEL GOLDSTEIN
ROSENBLOOM & NASH, LLP
Attorneys for Defendant
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

Case 1:06-cv-01180-JDB   Document 6   Filed 08/03/2006   Page 5 of 6

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 3rd day of August, 2006 a copy of the foregoing ANSWER was mailed, via first class mail, postage prepaid, to the following:

>Joseph P. Martocci, Jr., Esq.
>1300 Connecticut Ave., NW
>Suite 300
>Washington, DC 20036
>Attorney for Plaintiffs
>
>Ellen O. Boardman, Esq.
>O'Donoghue & O'Donoghue, LLP
>4748 Wisconsin Ave., NW
>Washington, DC  20016

                              /s/ Stephen Nichols
                              Stephen Nichols