UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
I.A.M. NATIONAL PENSION FUND,   )
NATIONAL PENSION PLAN, *et al.*  )
                                )
       Plaintiffs,              )
                                ) Civil Action No. 06-1180 (JDB)
     v.                         )
INDUSTRIAL MATERIAL HANDLING    )
CO. OF NEW YORK, INC.           )
                                )
       Defendant.               )
_____)

### DEFENDANT'S NOTICE OF FILING AN AMENDED ANSWER

     Pursuant to Fed. R. Civ. P. 15(a), Defendant hereby files an Amended Answer within 20 days of when the original Answer was served. The Amended Answer is attached hereto.

Dated: August 23, 2006
       Washington, D.C.

                                  Respectfully Submitted,

                                  PROSKAUER ROSE LLP

                                  By:   /s/ Timothy Tobin
                                  Timothy P. Tobin (D.C. Bar No. 477694)
                                  1001 Pennsylvania Ave, Suite 400 South
                                  Washington, D.C. 20004
                                  Tel. (202) 416-6800
                                  Fax (202) 416-6899

                                  *Counsel for Defendant International Material*
                                  *Handling Co. of New York, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

I.A.M. NATIONAL PENSION FUND,  )
NATIONAL PENSION PLAN,  )
  )
              and  )
  )
WARREN MART and  )
BURTON C. TREBOUR,  )
Co-chairmen of the Board of  )
Trustees of the I.A.M.  )
National Pension Fund,  )
  )
1300 Connecticut Avenue, NW  )
Suite 300  )   Civil Action No. 06-1180 (JDB)
Washington, DC 20036  )
(202) 785-2658  )
  )
              Plaintiffs,  )
  )
            v.  )
  )
INDUSTRIAL MATERIAL HANDLING CO.  )
OF NEW YORK, INC.  )
  )
20 Central Avenue  )
Farmingdale, New York 11735  )
(631) 952-0600  )
  )
  )
            Defendant.  )
  )
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**AMENDED ANSWER**

      The defendant herein, Industrial Material Handling Co. of New York, Inc. ("IMH" or the "Defendant"), by its attorneys, Proskauer Rose LLP, as and for the Answer to the plaintiffs' Complaint, represents and shows this Court as follows:

      1.    Defendant neither admits nor denies the allegations contained in paragraph "1" of

the Complaint, which constitute a statement of plaintiffs' intent.

2. Defendant neither admits nor denies the allegations contained in paragraphs "2" and "3" of the Complaint which involve questions of law, except Defendant denies that venue is suitable and proper in Washington, DC.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4", "5", and "6" of the Complaint.

4. Defendant admits the truth of the allegations contained in paragraph "7" of the Complaint.

5. Defendant neither admits nor denies the allegations contained in paragraphs "8" and "9" of the Complaint, which refer to written documents the terms of which speak for themselves.

6. Defendant denies the allegations contained in paragraph "10" of the Complaint, except admits that IMH filed a Chapter 11 petition and confirmed a plan of reorganization.

7. Defendant denies the allegations contained in paragraphs "11" and "12" of the Complaint, except to the extent they refer to written documents and as to these, Defendant neither denies nor admits the terms thereof which refer to written documents that otherwise speak for themselves.

8. Defendant denies the allegations contained in paragraph "13" of the Complaint.

9. Defendant neither denies nor admits the allegations contained in paragraphs "14" and "15" of the Complaint which refer to the terms of federal law which otherwise speak for themselves, but denies plaintiffs' entitlement to liquidated damages, interest or other charges.

10. Defendant denies the allegations contained the "Wherefore" paragraph of the Complaint.

<u>AS AND FOR A FIRST COMPLETE AFFIRMATIVE DEFENSE</u>

11. Contrary to the Complaint, IMH has been and remains ready and willing to make alleged delinquent pension contributions. However, payment was complicated by the fact that issues developed between the parties concerning the make-up and composition of the bargaining unit in light of plaintiffs' refusal to acknowledge a prior internal restructuring in which certain employees of Forklift of New York ("Forklift") (a prior contributing employer) were transferred to IMH.

12. It is also noteworthy that in other proceedings before this Court (04Civ00594), plaintiffs have claimed that Forklift withdrew from the Pension Plan. Based upon this alleged withdrawal, plaintiffs have obtained a significant judgment against still other parties under a control group theory, which, in turn, forced another series of Chapter 11 filings by Toyota Lift of New York and TMR.

13. In this action, and most curiously, plaintiffs contend that pension benefits are now owed for some of the very same employees who came to IMH from Forklift, although Forklift purportedly withdrew from the plan. In short, plaintiffs cannot have it both ways: If plaintiffs continue to press withdrawal liability claims, then the pension calculations are erroneous. Conversely, if the relocation of employees is recognized without a withdrawal liability, then IMH is prepared to pay all alleged pension contributions forthwith, after a proper accounting, since even according to plaintiffs' complaint, the alleged liability has been estimated.

<u>AS AND FOR A SECOND COMPLETE AFFIRMATIVE DEFENSE</u>

14. The Complaint is barred by reason of plaintiffs' failure to exhaust administrative remedies.

<u>AS AND FOR A THIRD COMPLETE AFFIRMATIVE DEFENSE</u>

3

15. That in view of the controversy created regarding the purported withdrawal, which impacted IMH's regular pension contributions, the plaintiffs are not entitled to liquidated damages or interest.

### AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE

16. To the extent the Complaint demands contributions for any period that no collective bargaining or other fund participation agreement exists, or for any period following expiration of any such collective bargaining agreement or fund participation agreement, the Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A FIFTH COMPLETE AFFIRMATIVE DEFENSE

17. To the extent the plaintiffs are attempting to collect contributions for individuals that did not perform bargaining unit work, or that were not covered by any collective bargaining agreement, the complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SIXTH COMPLETE AFFIRMATIVE DEFENSE

18. The action is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH COMPLETE AFFIRMATIVE DEFENSE

19. The action is barred, in whole or in part, by equitable principles of estoppel, waiver and laches.

### AS AND FOR AN EIGHTH COMPLETE AFFIRMATIVE DEFENSE

20. The action is barred, in whole or in part, by the principles of res judicata and/or collateral estoppel.

### AS AND FOR A NINTH COMPLETE AFFIRMATIVE DEFENSE

21. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted under the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C.

§ 1001.

WHEREFORE, the Defendants demand judgment:

a. Dismissing the Complaint with prejudice;

b. Awarding Defendants their attorneys' fees, costs and disbursements; and

c. Granting such other relief as the Court may deem just and proper.

Dated: August 23, 2006
Washington, D.C.

Respectfully Submitted,

PROSKAUER ROSE LLP

By:  /s/ Timothy Tobin
Timothy P. Tobin (D.C. Bar No. 477694)
1001 Pennsylvania Ave, Suite 400 South
Washington, D.C. 20004
Tel. (202) 416-6800
Fax (202) 416-6899

*Counsel for Defendant International Material Handling Co. of New York, Inc.*

5

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 23rd day of August, 2006 a copy of the foregoing AMENDED ANSWER was mailed, via first class mail, postage prepaid, to the following:

    Joseph P. Martocci, Jr., Esq.
    1300 Connecticut Ave., NW
    Suite 300
    Washington, DC  20036
    Attorney for Plaintiffs


    Ellen O. Boardman, Esq.
    O'Donoghue & O'Donoghue, LLP
    4748 Wisconsin Ave., NW
    Washington, DC  20016

    /s/ Timothy P. Tobin
    Timothy P. Tobin
    1001 Pennsylvania Ave,
    Suite 400 South
    Washington, D.C. 20004
    Tel. (202) 416-6800
    Fax (202) 416-6899