IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| I.A.M. NATIONAL PENSION FUND, <br> NATIONAL PENSION PLAN, WARREN MART <br> and BURTON C. TREBOUR, <br><br> Plaintiffs, <br><br> v. <br><br> INDUSTRIAL MATERIAL HANDLING <br> CO. OF NEW YORK, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:06-cv-01180-JDB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## LOCAL RULE 16.3(d) JOINT REPORT

The I.A.M. National Pension Fund (hereinafter "the Plan") and Warren Mart and Burton Trebour ("Plaintiffs") and Industrial Material Handling Company of New York ("IMH" or "Defendant") (collectively, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Report pursuant to Local Rule 16.3. The Parties reached agreement as follows:

*(1)    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

Plaintiffs: Plaintiffs believe that this case is likely to be resolved by dispositive motion.

Defendant: Defendant's view is that it is unclear at this time whether the case may be resolved by dispositive motion. No such motions have yet been filed.

*(2)    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The Parties have agreed that other parties shall be joined or the pleadings amended by November 1, 2006. It is unknown at this time whether some or all of the factual issues can be agreed upon or narrowed.

(3) *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

No.

(4) *Whether there is a realistic possibility of settling the case.*

It is unknown at this time whether there is a realistic possibility of settling the case.

(5) *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The Parties agree that it is premature at this time to determine whether the case could benefit from ADR.

(6) *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

<u>Plaintiffs</u>:  Plaintiffs believe that this case is likely to be resolved by summary judgment.

<u>Defendant</u>:  Defendant's view is that it is unclear at this time whether the case may be resolved by summary judgment.  In the event a Party wishes to make such a motion, the Parties propose that such motions be filed by March 16, 2007, oppositions be filed by April 6, 2007, and replies, if any, filed by April 20, 2007.  The Parties respectfully propose that the Court issue a decision on motions no later than forty-five (45) days before the pre-trial conference.

(7) *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

No.

(8) *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The Parties propose a discovery deadline of January 31, 2007. Discovery shall be conducted pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia. It is premature for the parties to determine whether a protective order will be appropriate.

(9) *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

The Parties do not anticipate using expert witnesses. However, should this change, the Parties do not believe that the requirements of F.R.Civ.P. 26(a)(2) should be modified. In addition, in the event the need for experts arises, the Parties will meet and confer promptly to determine appropriate deadlines for expert designations and counter designations.

(10) *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This case is not a class action.

(11) *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

<u>Plaintiffs</u>: Plaintiffs do not believe that either discovery or trial should be bifurcated or managed in phases. Plaintiffs note, however, that they have requested in their prayer for relief a two-step remedial order should Plaintiffs prevail: namely, that the Court enter an order requiring Defendant to submit to the Plaintiff accurate remittance reports, and within two (2) weeks of receipt of such reports, Plaintiff will submit appropriate pleadings to support the issuance of a final judgment.

<u>Defendant</u>: Defendant does not believe that discovery should be bifurcated or managed in phases and is uncertain at this time whether a trial, if necessary, should be bifurcated or managed in phases. Defendant has denied, and continues to deny, that Plaintiffs are entitled to any relief in this action.

*(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days after).*

The Parties propose a pretrial conference no sooner than 45 days after the Court issues its decision on dispositive motions.

*(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The Parties request that the Court set a trial date at the pretrial conference.

*(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The Parties do not have any other matters they believe should be included in the scheduling order.

Dated: September 1, 2006.

Respectfully submitted,

By: /s/_____  
Ellen O. Boardman (#375563)

O'DONOGHUE & O'DONOGHUE LLP  
4748 Wisconsin Avenue, N.W.  
Washington, D.C. 20016  
(202) 362-0041—Telephone  
(202) 362-2640—Facsimile  
eboardman@odonoghuelaw.com  
Attorney for Plaintiffs

By: /s/_____  
Robert T. Osgood (#247973)  
Joseph P. Martocci, Jr. (#955716)  
1300 Connecticut Avenue, NW  
Suite 300  
Washington, DC 20036  
(202) 785-2658—Telephone  
(202) 463-8098—Facsimile  
jmartocci@iamnpf.org  
rosgood@iamnpf.org

By: /s/_____  
Russell L. Hirschhorn (*admitted pro hac vice*)

PROSKAUER ROSE LLP  
1585 Broadway  
New York, NY 10036-8299  
(212) 969-3286—Telephone  
(212) 969-2900—Facsimile  
rhirschhorn@proskauer.com  
Attorney for Defendant

146285_1.DOC

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| I.A.M. NATIONAL PENSION FUND, NATIONAL PENSION PLAN, <br><br> and <br><br> WARREN MART and BURTON C. TREBOUR, Co-chairmen of the Board of Trustees of the I.A.M. National Pension Plan, <br><br> Plaintiffs, <br><br> v. <br><br> INDUSTRIAL MATERIAL HANDLING CO. OF NEW YORK, INC. <br><br> Defendant. | Case No. 1:06-cv-01180-JDB |

**PROPOSED SCHEDULING ORDER**

| | |
|---|---|
| Final date to join parties or amend pleadings: | November 1, 2006 |
| Date for Designation of Plaintiff's Experts: | To Be Determined Should Experts Be Necessary |
| Date for Designation of Defendant's Experts: | To Be Determined Should Experts Be Necessary |
| Date for Plaintiffs' Counter-Designation of Experts: | To Be Determined Should Experts Be Necessary |
| Discovery Cut-Off: | January 31, 2007 |
| Final Date to File Dispositive Motions: | March 16, 2007 |
| Date for Opposition Briefs: | April 6, 2007 |
| Date for Filing Replies: | April 20, 2007 |

| | |
|---|---|
| Proposed Date for Decision on Dispositive Motions: | 45 days before Pre-Trial Conference |
| Proposed Date for Pretrial Conference: | 45 days after Decision on Dispositive Motion(s) |
| Trial Date: | To be set at pretrial conference |

Dated: September __, 2006

_____
The Honorable John D. Bates
United States District Judge