UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| I.A.M. NATIONAL PENSION FUND, <br> NATIONAL PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INDUSTRIAL MATERIAL HANDLING <br> CO. OF NEW YORK, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-1180(JDB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS**

**I.      INTRODUCTION**

In this lawsuit, the IAM National Pension Fund, National Pension Plan (the "Fund") and its Co-Chairmen Trustees (collectively "Plaintiffs") seek to collect unpaid contributions due the Fund by Defendant Industrial Material Handling Co. of New York, Inc. ("Defendant") pursuant to a collective bargaining agreement executed by Defendant that required contributions on behalf of certain of Defendant's employees.  On September 18, 2006, Defendant filed a Motion to Stay All Proceedings in this lawsuit until the D.C. Circuit Court of Appeals decides an appeal pending before it in *I.A.M. National Pension Fund, National Pension Plan, et al. v. TMR Realty Co., Inc. and Toyota Lift of New York, Inc.*, 431 F. Supp. 2d 1 (D.D.C. 2006) (hereinafter referred to as *"TMR Realty"*).  In *TMR Realty*, the district court found that TMR Realty Co., Inc. ("TMR") and Toyota Lift of New York, Inc. ("Toyota Lift") were jointly and severally liable for withdrawal liability that the Fund had assessed against Clarklift of New York, Inc. ("Clarklift"), a member of their control

group. 431 F. Supp. 2d at 28.[1]

Defendant IMH contends here that because it, too, is a member of the same control group – albeit one against whom suit was not filed in *TMR Realty* (*id. at 2*) and one against whom there would be no liability in any event because of its discharge in bankruptcy (*id.* at 25) – any finding of withdrawal liability in *TMR Realty* "necessarily means that it [and all other members of the control group] permanently ceased their obligation to contribute to the Fund or permanently ceased all covered operations that would require contributions to the Fund." Defendant's Motion to Stay All Proceedings ("Def.'s Motion") at 5. As such, Defendant contends (*id.*), it cannot have any obligation as a matter of law to contribute to the IAM National Pension Fund, as alleged in this Complaint. On the other hand, Defendant contends (*id.*) that, if the judgment in *TMR Realty* is reversed on appeal, "IMH will make the appropriate records available for audit and pay contributions to the Fund that are owed subject to any other defenses it may possess." In either event, Defendant maintains (*id.* at 5-6) that "the resolution of the Withdrawal Liability Action will significantly reduce, if not entirely eliminate, the scope of the dispute in this matter."

As shown below, the resolution of *TMR Realty* on appeal is wholly irrelevant to this lawsuit and provides no basis whatsoever to stay these proceedings.

## ARGUMENT

### A.  APPLICABLE LEGAL PRINCIPLES

Without doubt, each trial court has the discretion to control the disposition of cases before

---

[1]  Following issuance of the district court's decision in *TMR Realty*, TMR and Toyota Lift immediately filed for Chapter 11 protection. *See In Re: Hi-Lift of New York, Inc. d/b/a Toyota Lift of New York*, Case No. 106-40943 (CEC) (Bankr. E.D.N.Y) and *In Re: TMR Realty, Inc.* Case No. 106-40942 (CEC) (Bankr. E.D.N.Y). They also noted their appeal of the district court's decision to the D.C. Circuit Court of Appeals. That appeal was thereafter stayed as a result of the Bankruptcy Code's automatic stay provisions. TMR and Toyota Lift have moved the bankruptcy court to lift the stay but, as of the filing of this Opposition, no order has issued regarding the stay.

it, but such discretion "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Although a court has discretion to grant a stay, the party requesting the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255. Moreover, where there is "sufficient doubt" that "the decision will be truly dispositive of all issues" before the court, a stay should not be granted. *MCI Communications Corp v. American Telephone & Telegraph Co.*, 1982 U.S. Dist. LEXIS 10951, *10. Here, as shown, there is no doubt that the resolution of the *TMR Realty* appeal will not be dispositive of the instant case. Moreover, as shown, it will not even be useful to IMH.

### B.    THE RESOLUTION OF *TMR REALTY* ON APPEAL IS IRRELEVANT TO THE RESOLUTION OF THE INSTANT CASE

The instant case is a simple collections action under the Employee Retirement Income Security Act ("ERISA") to collect contributions that are due the I.A.M. National Pension Fund from IMH under the terms of a collective bargaining agreement to which IMH was bound. *TMR Realty*, on the other hand, involves the enforceability of the Fund's withdrawal liability assessment against TMR and Toyota Lift. Whether or not IMH withdrew from the Fund and thus had no future contribution obligation to the Fund was simply not an issue in *TMR Realty* and will not be decided in that appeal.

Moreover, the "facts" that IMH claims to be able to ascertain only when the *TMR Realty* appeal is resolved are "facts" that are plainly available to it now regardless of the disposition of the appeal. The first "fact" is that Clarklift withdrew from the Fund. Whether or not the appellate court decides that issue[2] does not prevent IMH from arguing now that Clarklift had withdrawn. Indeed,

---

[2]  Indeed, it is most likely that the appellate court will not decide that issue on the same grounds

the Fund readily admits that it determined that Clarklift had withdrawn, and thus no more is needed to support this "fact." The second "fact" that IMH needs to establish its defense in this lawsuit is that IMH is a member of the Clarklift control group. As with the first "fact," it will also not derive this one from the resolution of the appeal. IMH's status as a control group member was never an issue in *TMR Realty* quite simply because the Fund never sued IMH to collect withdrawal liability. The only question before the court was the control group status of the defendants the Fund chose to sue – TMR and Toyota Lift. But, again, whether or not the resolution of the appeal will provide this fact is of no moment. This is a "fact" that IMH can readily establish in this litigation and, indeed, is a fact that the Fund will not dispute.

With these essential "facts" now in hand, IMH may argue, without delay and certainly without waiting for the resolution of the *TMR Realty* appeal, the legal conclusion upon which its defense rests: namely, that IMH's status as a control member of Clarklift -- an employer determined by the Fund to have withdrawn from the Fund -- necessarily precludes the Fund from collecting unpaid contributions.

Of course, the Fund will dispute this legal conclusion and, indeed, will argue that these "facts" make no difference whatsoever to the Fund's ability to recover in this case. When the appropriate time comes for summary judgment, the Fund will argue why the Merger Agreement and the Employer Agreement that was executed for Clarklift and which was binding on all control group members,[3] including IMH, allowed the Fund to assess withdrawal liability as it

---

as the district court – namely, that defendants forever waived their right to challenge whether Clark withdrew by failing to seek mandatory arbitration of that determination. *TMR Realty*, 431 F.Supp.2d 1, 15-16 (district court did not decide issue, observing that "[w]hether or not an actual withdrawal occurred when Clarklift transferred and ceased its operations is not for this Court to determine, as such a matter is not particularly relevant to the resolution of this case or the present posture of this dispute.").

[3] *See TMR Realty, supra*, 431 F. Supp. 2d 1, 4-5.

did, regardless of IMH's continued operations.

In sum, then, IMH would have this Court halt immediately the prosecution of this case while the parties wait for the bankruptcy court to decide whether to lift the stay of the *TMR Realty* appeal and then wait further to see if IMH's sister companies lose the appeal[4] so that IMH can obtain "facts" and make legal arguments that are at its disposal this very moment. There is no basis for any such delay.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay All Proceedings should be denied.

Respectfully submitted,

/s/_____
Robert T. Osgood, #247973
Joseph P. Martocci, Jr., #955716
1300 Connecticut Avenue, NW, Suite 300
Washington, DC  20036
(202) 785-2658
(202) 463-8098 (facsimile)
jmartocci@iamnpf.org
rosgood@iamnpf.org


/s/_____
Ellen O. Boardman, #375563
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue
Washington, DC 20016
(202) 362-0041
(202) 237-1200 (facsimile)
eboardman@odonoghuelaw.com

Attorneys for Plaintiffs

Dated:  September 29, 2006

146992_1

---

[4]  Notably, IMH effectively concedes that if TMR and Toyota Lift win the appeal, it will be required to pay contributions due the Fund.