UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

I.A.M. NATIONAL PENSION FUND, )
NATIONAL PENSION PLAN, *et al.* )
                               )
         Plaintiffs,           )
                               ) Civil Action No. 06-1180 (JDB)
    v.                         )
INDUSTRIAL MATERIAL HANDLING   )
CO. OF NEW YORK, INC.          )
                               )
         Defendant.            )
                               )

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS**

## PRELIMINARY STATEMENT

Defendant IMH submits this reply memorandum of law in further support of its motion to stay all proceedings in the above-captioned action. This Court should grant IMH's motion because: (i) Plaintiffs have failed to provide any evidence to eliminate the possibility that IMH will have to comply with inconsistent judgments from the D.C. Circuit and this Court should this action proceed; and (ii) there is no reason to be concerned that this action would be stayed for an indefinite period since the Bankruptcy Court, at a hearing on September 20, 2006, agreed to lift the automatic stay, stating that it would issue a written opinion on the issue shortly. Accordingly, the appellate proceedings will continue without delay in I.A.M. National Pension Fund v. TMR Realty Co., Inc., 431 F. Supp. 2d 1 (D.D.C. 2006), appeal pending, No. 06-7064 (D.C. Cir.) (the "Withdrawal Liability Action").

## ARGUMENT

Having conceded that Clarklift and its control group members have withdrawn from the Fund (Plaintiffs' Opposition to Defendant's Motion to Stay All Proceedings ("Pl. Br.") at 3-4), and that IMH is indisputably a member of Clarklift's control group (Pl. Br. at 4), Plaintiffs' contend that there is nothing to be learned from the appellate proceedings in the Withdrawal Liability Action that warrants a stay in this action. Plaintiffs argue instead that a finding that: (i) Clarklift withdrew from the Fund in the Withdrawal Liability Action; and (ii) IMH is liable for ongoing contributions in this action would not result in inconsistent judgments because the Agreement for Merger of Pension Plans and Program of Relief ("Merger Agreement") and Employer Agreement for Merger of Pension Plans and Program of Relief ("Employer Agreement") (collectively, the "Agreements") executed for Clarklift purportedly allows the Fund to assess withdrawal liability against Clarklift and members of its control group despite the fact

that IMH continued covered operations under the Fund's jurisdiction. (Pl. Br. at 4-5)

Plaintiffs' arguments are without merit since the Agreements do not contain any provision that could be construed to permit a finding of withdrawal liability against Clarklift when IMH — a member of Clarklift's control group (Pl. Br. at 4) — is still required to contribute to the Fund. (See Affidavit of Russell L. Hirschhorn, Esq. at Exs. 1 and 2).[1] That Plaintiffs' argument requires an interpretation of the Agreements is indicative of the risk that IMH faces of having to comply with inconsistent judgments rendered from the Withdrawal Liability Action and this action. Indeed, the issue of whether Clarklift could have withdrawn from the Fund while IMH was performing covered operations within the Fund's jurisdiction — and obligated to pay contributions — is one of the issues that was raised in the Withdrawal Liability Action and will be argued before the D.C. Circuit on appeal, creating a very real risk of inconsistent judgments. Judicial economy also would be served by ordering a stay of all proceedings in this action because this Court would not need to address issues that will be resolved by the D.C. Circuit. For example, this Court would not need to interpret the Agreements if the D.C. Circuit determines that there was no withdrawal from the Fund.

Furthermore, Plaintiffs have failed to provide a single authority contradicting the principle that members of a control group are treated as a single employer for all purposes, including the evaluation of whether a withdrawal took place. See Memorandum of Law in Support of Defendant's Motion to Stay All Proceedings (Def. Br.") at 4); 29 U.S.C. § 1301(b)(1); The Penn Central Corp. v. The Western Conf. of Teamsters Pension Trust Fund, 863 F. Supp. 1131, 1134 (N.D. Ca. 1994) (stating that withdrawal liability could not be assessed

---

1   While it is unclear what provision of the Agreements the Fund purports to rely on, to the extent the Fund relies on Article IV, Paragraph 4(a) of the Merger Agreement and/or Paragraph 5(a) of the Employer Agreement, the Fund's reliance is misplaced. Those paragraphs merely establish the method of calculating withdrawal liability;

at the time two of three members of a control group permanently ceased operations under a plan because the third member of the control group continued to contribute to that plan), aff'd, 75 F.3d 529 (9th Cir. 1996); Robbins v. Pepsi-Cola Metro. Bottling Co., 636 F. Supp. 641, 654 (N.D. Ill. 1986) ("Section 1301(b)(1)'s definition of employer clearly applies to all decisions relating to withdrawals from multiemployer pension plans.").

Lastly, this Court should not be concerned that a stay of this action would cause the action to remain in an unresolved status for an indefinite period since counsel for TMR and Toyota Lift has represented that the Bankruptcy Court recently agreed to lift the automatic stay in order to allow TMR and Toyota Lift to proceed with the appeal of the judgment entered in I.A.M. National Pension Fund, 431 F. Supp. 2d 1. It is IMH's understanding that a written opinion to that effect is forthcoming.[2]

In short, this Court should stay all proceedings in this action because allowing them to continue would require IMH to incur the possibility of having to comply with inconsistent judgments since the opinion by the D.C. Circuit on appeal in the Withdrawal Liability Action will be outcome determinative as to whether IMH could owe contributions to the Fund.[3]

---

    they in no way alter substantive ERISA law regarding whether a control group member is obligated to continue making contributions upon a finding that a withdrawal occurred.

2    Notwithstanding the fact that Plaintiffs were present at the September 20, 2006 hearing before the Bankruptcy Court as an objector to lifting the automatic stay, Plaintiffs' opposition brief to the instant motion merely states that no order lifting the stay has been issued. (Pl. Br. at 2 n. 1)

3    Contrary to Plaintiffs' arguments (Pl. Br. at 5 n. 4), IMH does not concede that it would be required to pay contributions in the event the D.C. Circuit concludes that Clarklift did not withdraw from the Fund. Indeed, as stated in IMH's moving brief, IMH "will make the appropriate records available for audit and pay contributions

**CONCLUSION**

For the foregoing reasons, IMH's motion to stay all proceedings in this action should be granted in its entirety.

Dated: Washington, D.C.
       October 6, 2006

                        Respectfully Submitted,
                        PROSKAUER ROSE LLP


                        By: ___/s/ Timothy P. Tobin_____
                              Timothy P. Tobin (D.C. Bar No. 477694)
                        1001 Pennsylvania Ave, Suite 400 South
                        Washington, D.C. 20004
                        Tel. (202) 416-6800
                        Fax (202) 416-6899
                        ttobin@proskauer.com

                            — and —

                        Russell L. Hirschhorn (RH-3394) (*admitted pro hac vice*)
                        Proskauer Rose LLP
                        1585 Broadway
                        New York, NY 10036-8299
                        *Counsel for Defendant*

---

to the Fund that are owed subject to any other defenses it may possess." (Def. Br. at 5)

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 6th day of October, 2006 a copy of the foregoing Reply Memorandum of Law in Support of Defendant's Motion to Stay All Proceedings and Affidavit of Russell L. Hirschhorn, Esq. was served via Facsimile and UPS Next Day Mail to the following:

    Joseph P. Martocci, Jr., Esq.
    1300 Connecticut Ave., NW
    Suite 300
    Washington, DC  20036
    Attorney for Plaintiffs

    Ellen O. Boardman, Esq.
    O'Donoghue & O'Donoghue, LLP
    4748 Wisconsin Ave., NW
    Washington, DC  20016

                                            /s/ Timothy P. Tobin
                                            Timothy P. Tobin
                                            1001 Pennsylvania Ave,
                                            Suite 400 South
                                            Washington, D.C. 20004
                                            Tel. (202) 416-6800
                                            Fax (202) 416-6899
                                            ttobin@proskauer.com