UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| I.A.M. NATIONAL PENSION FUND, NATIONAL PENSION PLAN, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> INDUSTRIAL MATERIAL HANDLING CO. OF NEW YORK, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-1180 (JDB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT MOTION FOR ENTRY OF AN ORDER OF
DISMISSAL WITHOUT PREJUDICE**

The I.A.M. National Pension Plan, Warren Mart, and Burton C. Trebour ("Plaintiffs"); and Industrial Material Handling Co. of New York, Inc. ("Defendant"), through their undersigned counsel, have reached a settlement in principle of the above-captioned lawsuit as part of a global settlement that included two matters pending in the United States Bankruptcy Court for the Eastern District of New York (*In the Matter of TMR Realty* and *In the Matter of Toyota Lift of New York, Inc.*, Case Nos. 1:06-40942 and 1:06-40943, respectively) (hereinafter referred to as "Global Settlement"). To be effective, the Global Settlement must be finalized by all parties thereto and approved by the Bankruptcy Court, neither of which has occurred as of the date of this Joint Motion. However, for purposes of judicial economy and efficiency while the Parties are finalizing the settlement documents and are awaiting approval of the Bankruptcy Court, the Plaintiffs have agreed to permit the Court to enter an order dismissing this action without prejudice, pursuant to F.R.Civ.P. 41(a)(2), solely on the condition that, if the Global Settlement is not finalized by the Parties, is not approved by the Bankruptcy Court, and if

payment is not made to Plaintiffs of all amounts required by the Global Settlement, then this matter may, upon Plaintiffs' written motion to the Court, be promptly reopened and reinstated as if no order of dismissal had been entered.

For the foregoing reasons, the Parties hereby request the Court to enter the attached Order of Dismissal pursuant to F.R.Civ. P. 41(a)(2).

|  |  |
|---|---|
|  | Respectfully submitted, |
| By: /s/<br>Ellen O. Boardman (#375563)<br>**O'DONOGHUE & O'DONOGHUE LLP**<br>4748 Wisconsin Avenue, N.W.<br>Washington, D.C. 20016<br>(202) 362-0041 – Telephone<br>(202) 237-1200 – Facsimile<br>eboardman@odonoghuelaw.com | PROSKAUER ROSE LLP<br>By: /s/<br>Timothy P. Tobin (#477694)<br>1001 Pennsylvania Ave, Suite 400 South<br>Washington, D.C. 20004<br>Tel. (202) 416-6800<br>Fax (202) 416-6899<br>ttobin@proskauer.com |
| By: /s/<br>Robert T. Osgood (#247973)<br>Joseph P. Martocci, Jr. (#955716)<br>1300 Connecticut Avenue, NW, Suite 300<br>Washington, DC 20036<br>(202) 785-2658<br>(202) 463-8098 (facsimile)<br>jmartocci@iamnpf.org<br>rosgood@iamnpf.org | By: /s/<br>Russell L. Hirschhorn (RH-3394)(*pro hac vice*)<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036-8299<br>rhirschhorn@proskauer.com<br>*Counsel for Defendant* |
| *Attorneys for Plaintiffs* |  |

Dated: January 29, 2007.

151035_1.DOC